# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 27, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*

AMANDA SWINT-MOORE *and*      \*      No. 18-1112V
MICHAEL MOORE, *as Parents and Next*    \*
*Friends of* M.A.M.*, a minor,*      \*
     \*
     Petitioners,      \*      Special Master Sanders
     \*
v.      \*
     \*      Dismissal; Insufficient Proof; Diphtheria-
SECRETARY OF HEALTH      \*      Tetanus-Acellular Pertussis ("DTaP");
AND HUMAN SERVICES,      \*      Haemophilus Influenza Type B ("HiB");
     \*      Pneumococcal Conjugate ("PCV") Vaccines;
     \*      DYRK1A Mutation; Seizures; Developmental
     Respondent.      \*      Delay

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*

*Forrest E. Jackson,* Jackson Law Firm, PLLC, Chattanooga, TN, for Petitioners.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent

## DISMISSAL[1]

On July 30, 2018, Amanda Swint-Moore and Michael Moore ("Petitioners") filed a petition for compensation on behalf of a minor child, M.A.M. under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioners alleged that M.A.M. developed, or suffered a significant aggravation of, seizures and/or developmental delay as a result of the haemophilus influenza type B ("HiB"), pneumococcal conjugate ("PCV"), and diphtheria-tetanus-acellular pertussis ("DTaP") vaccines she received on July 30, 2015. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On June 24, 2022, Petitioners filed a motion for a decision voluntarily dismissing their petition. ECF No. 39. In their motion, Petitioners stated that "[a]lthough [they] continue to

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

sincerely believe that M.A.M.'s injury is vaccine-related, they acknowledge that, despite a diligent search, they are not able to obtain an expert [] to support the claim." *Id.* ¶ 1.  They continued that "Petitioners acknowledge that without an expert report, they will not be able to prove that M.A.M. is entitled to compensation" in the Program. *Id.* Petitioners indicated that "[i]n these circumstances, [] to proceed further would be unreasonable and would waste the resources of the Court, [R]espondent, and the Vaccine Program." *Id.* ¶ 2. Respondent indicated no objection to Petitioners' motion.  *Id.* ¶ 4.

To receive compensation under the Program, Petitioners must prove either (1) that M.A.M. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover evidence that M.A.M. suffered a "Table Injury." Further, the record does not contain persuasive evidence that M.A.M.'s alleged injuries were caused-in-fact by her July 30, 2015 vaccinations.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioners' claim by preponderant evidence, and at this time, Petitioners have not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

   **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.